```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

CERTUSBANK, N.A.,                  )
                                   )
             Plaintiff,            )
                                   )
     v.                            )     No. 13 C 7790
                                   )
ADDISON PHYSICIAN MEDICINE AND     )
REHABILITATION CENTER, LTD.,       )
et al.,                            )
                                   )
             Defendants.           )
```

## MEMORANDUM ORDER

This Court has just received, just under three weeks after it was required to have been delivered to chambers pursuant to this District Court's LR 5.2(f) and to this Court's emphatic website entry confirming that LR, a copy of the Complaint in this action. That belated delivery staved off the issuance of a memorandum order that this Court's secretary was about to transcribe based on a printout of actions filed during the past month and assigned to this Court's calendar--a memorandum order that would have (1) directed delivery of the LR-required counterpart of the Complaint and (2) assessed a $100 fine as foretokened by the website entry.

But better late than never. Regrettably, however, this Court's review of the newly-delivered pleading has disclosed another problematic aspect of plaintiff's counsel's performance.

Federal subject matter jurisdiction has been invoked on diversity of citizenship grounds. To that end Complaint ¶¶4 to 6

reflect the awareness of counsel for plaintiff CertusBank, N.A. ("CertusBank") of the 28 U.S.C. §1332(c)(1)[1] requirements as to the citizenship of corporate parties--all of those paragraphs properly identify both the state of incorporation and the principal place of business of those parties. But Complaint ¶7 inexplicably speaks of the <u>residence</u> rather than the state of citizenship of guarantor defendant Edward Krys ("Krys").[2] On that last score our Court of Appeals has taught in <u>Adams v. Catrambone</u>, 359 F.3d 858, 861 n.3 (7th Cir. 2004) that "when the parties allege residence but not citizenship, the district court must dismiss the suit."

For many years this Court was content simply to identify such failures to plaintiffs' lawyers in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (<u>Wernsing v. Thompson</u>, 423 F.3d 732, 743 (7th Cir. 2005)). But even though the <u>Adams</u> "must dismiss" mandate may seem Draconian, surely courts are entitled to expect more from counsel who institute what appears to be a major piece of commercial litigation--and after all, more than two centuries have passed

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] This Court is of course well aware that for most people their states of citizenship equate to their places of residence, but that is not invariably the case. And as the next sentence of the text reflects our Court of Appeals takes seriously the obligation of counsel to get the pleading right.

2

since Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806) established both the need for complete diversity and the duty of the party invoking federal jurisdiction to establish its existence.

Accordingly not only CertusBank's Complaint but this action are indeed dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with CertusBank and its counsel being jointly obligated to pay a fine of $400[3] to the Clerk of this District Court if an appropriate Fed. R. Civ. P. 59(e) motion hereafter provides the missing information that leads to the vacatur of this judgment of dismissal.[4]  Because this dismissal is attributable to CertusBank's lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date:   November 21, 2013

---

[3] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defect identified here turns out to be curable.

[4] Because of the probability (though not the certainty) that Krys' state of citizenship matches his residence, this Court is contemporaneously issuing its customary initial scheduling order.  If diversity is not established, however, that order will be vacated.